IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00258-MSK-KMT

COLORADO LEGAL SERVICES, and
TEXAS RIOGRANDE LEGAL AID, INC.,

        Plaintiffs,

v.

LEGAL AID NATIONAL SERVICES, d/b/a The Lans Corp.,
ED BROWN MANAGEMENT, INC.,
LEGAL AIDE, INC.,
LEGAL AID LOW COST SERVICES, INC.,
LEGAL AIDE DIVORCE SERVICES, INC.,
LEGAL SUPPORT SERVICES CORP., d/b/a/ Legal Aid Support Services, Inc.,
P.I. INTERNATIONAL CORP.,
KENDRICK BROWN,
JASMINE EWING WHITE,
MARK STEVEN MEAD, and
MICHELLE MIKI MINZER,

        Defendants.

_____

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART
MOTION FOR DEFAULT JUDGMENT**
_____

        **THIS MATTER** comes before the Court pursuant to the October 7, 2009 Recommendation **(# 121)** of the Magistrate Judge that the Plaintiff's Motion for Default Judgment **(# 111)** against Defendants Legal Aide, Inc.; Legal Aid Low Cost Services, Inc.; Legal Aide Divorce Services, Inc.; Legal Support Services Corp.; Legal Aid National Services (collectively, "the entities"); Kendrick Brown; and Jasmine Ewing White.

        As discussed previously in this Court's Opinion and Order granting Motions to Dismiss

1

**(# 103)**, the Plaintiffs are non-profit agencies providing legal services in indigent persons. They allege that the Defendants have intruded upon the Plaintiffs' trademarks in the terms "legal aid," and are using that trademark to pass off the Defendants' services as the Plaintiffs, resulting in the Defendants' consumers receiving inadequate services and being charged unreasonable prices. The Court has previously dismissed claims against Defendants Mead and Minzer. The Plaintiffs now seek a default judgment **(# 111)** against the remaining Defendants – the entities, Mr. Brown, and Ms. White.

On October 7, 2009, the Magistrate Judge issued a Recommendation **(# 121)** that the Plaintiffs' motion be granted. The Recommendation found that each of these Defendants had been properly served. Specifically, she found that Mr. Brown[1] was served by leaving a copy of the Summons and Complaint with his 18 year old son at his place of residence in Las Vegas; that Ms. White was served by leaving a copy of the Summons and Complaint with Ms. White's adult sister at Ms. White's residence; and that the entities were each served by leaving a copy of the Summons and Complaint with Mr. Brown's 18-year old son at Mr. Brown's residence. The Recommendation noted that Mr. Brown is the registered agent for service of process for each of the entities, other than Legal Aide, Inc. (for whom Sandra Forbs is the registered agent).

After thoroughly analyzing the claims upon which a default judgment is sought, the Magistrate Judge recommended that the Court enter a default judgment against Mr. Brown and the entities, and that they be permanently enjoined from using the "legal aid" name in any capacity, among other things. The Magistrate Judge recommended that a default judgment as

---

[1] The Recommendation refers to Mr. Brown as "Mr. White," an alias he has allegedly used. To avoid confusing Mr. Brown with Ms. White, this Court refers to him by his given name.

2

against Ms. White be denied because the Complaint failed to state a claim against Ms. White.

More than 14 days[2] have passed since the Recommendation, and no party has filed Objections pursuant to Fed. R. Civ. P. 72(b). *See also* 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Upon *de novo* review, the Court adopts the Recommendation's findings that Mr. Brown and Ms. White were properly served with process. However, the Court declines to adopt the conclusion that service on Mr. Brown's son was sufficient to effectuate service on each of the entities.

Fed. R. Civ. P. 4(h) provides that a corporation or business entity may be served in one of two ways: (i) by serving it in the same manner in which one would serve an individual person under Rule 4(e), or (ii) by delivering the process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." The reasoning of the Recommendation is that Mr. Brown was an agent authorized by appointment to receive process on behalf of each of the entities,[3] that Fed. R. Civ. P. 4(e)(1) permits individuals

---

[2]The Recommendation was issued prior to December 2009 changes in Rule 72(b) that extended the time for filing Objections from 10 days to 14 days. The change in the Rule does not affect this analysis.

[3]The Recommendation notes that Ms. Forbs, not Mr. Brown, was the registered agent for Legal Aide, Inc. The Recommendation does not explain how the service upon Mr. Brown as an agent for Legal Aide, Inc. was satisfactory. For this reason alone, the Court would decline to adopt the Recommendation that default judgment be entered against Legal Aide, Inc.

to be served under the law of the state of their residence, that Mr. Brown was a resident of Nevada, and that Nev. R. Civ. P. 4(d) permits individuals to be served by leaving a copy of the process with a person of suitable age and discretion at the residence of the person to be served. In short, the reasoning of the Recommendation is that Mr. Brown was served vicariously through his son, and the entities were served vicariously through Mr. Brown.

This Court finds that conclusion to be inconsistent with the text of Fed. R. Civ. P. 4(h)(1). The Rule posits two alternative ways by which a corporation may be served. One way permits the corporation to be served in the same way as an individual would be served. Fed. R. Civ. P. 4(h)(1)(A). The other permits service "by delivering a copy [of process] to" a corporate agent. Rule 4(h)(1)(B).

In finding service proper on the entities, the Recommendation conflates the two alternatives. Finding that the entities could be served under Rule 4(h)(1)(B) by serving Mr. Brown as their agent, and then finding that Mr. Brown – in his capacity as agent – to be served as an individual by Rule 4(h)(1)(A).[4] In addition, such application of the rule is inconsistent with the language that prefaces Rule 4(h)(1) that is thus incorporated into subparts (A). That language provides that "a corporation" – not an agent – "must be served . . . as an individual." The language of the Rule does not permit a corporation to be served through an agent's agent. Rather, the language of subsection (B), permitting service on an agent, requires "delivery of [the process] to" the agent. Reading subsection (B) to permit the agent to be served as he or she would as an individual ignores the language in subsection (B) requiring "delivery . . .to" the

---

[4] Service on Mr. Brown's son for Mr. Brown for the named entities results is, in essence, service on a purported agent of a purported agent of the entities.

4

agent, and also ignores the language in the preface to subpart (A) that requires that "a corporation" – not "an agent" – be served as one would serve an individual. This is the same conclusion reached by commentators on Rule 4:

> Service under [the] part of the rule [permitting service on corporate agents] cannot be made, as it may be made on individuals pursuant to Rule 4(e)(2), by leaving a copy of the summons and complaint at the officer's or agent's dwelling house or usual place of abode with a person residing therein. . . That is the import of the language "delivering . . . to" in Rule 4(h).

Wright& Miller, <u>Federal Practice and Procedure</u>, Civil 3d, § 1101, *citing Allstate Ins. Co. v. Riverside Roofing & Constr.*, 2008 WL 1191785 (E.D. La. Apr. 19, 2007) (unpublished) ("Essentially, Allstate attempted domiciliary service upon Riverside Roofing's agent. Because neither Rule 4(h) nor Louisiana law make any provision for domiciliary service on a corporation or its agent, Allstate's service upon Mrs. Lopez's father was clearly insufficient"); *Barclays Bank of N.Y. v. Goldman*, 517 F.Supp. 403, 413-14 (S.D.N.Y. 1981) (finding that service on Moshe's maid was sufficient to serve Moshe as individual, but insufficient to serve a corporation for which Moshe was designated agent).

That being said, Wright & Miller note that "the federal courts have not been overly strict in construing Rule 4(h) and have not required the type of face-to-face service of the summons and complaint that would be indicated if the words of the rule were read literally. *Id.* It gives several examples. In *McCarthy v. Langston*, 23 F.R.D. 249 (N.D. Fl. 1959), the court considered an attempt to serve the president of a closely held corporation at the corporate office, which also happened to be the president's residence. The process server left the summons and complaint with the president's wife. Although the court admitted that the wife was not a designated agent of the corporation for service of process, "it is nevertheless fair to assume that a wife of the

president of a close corporation would not act adversely to his interest, and would therefore divulge the delivery of legal papers to him." *Id.* at 250. The court also noted that the process server had gone to the corporate offices, "so he could reasonably expect the person with whom he dealt to be connected with the corporation," and also noted that the president acknowledged service to the process server by telephone that same day. *Id.* Under these circumstances, the court permitted service on the president's wife to bind the corporation. Similarly, Wright & Miller acknowledge several cases in which service on a corporation's receptionist, to be given to a corporate officer acting as an agent for service on the corporation, has been found to be sufficient. *Citing Koninklijke Luchtvaart Maatschappij, N.V. v. Curtis-Wright Corp.*, 17 F.R.D. 49 (S.D.N.Y. 1955). Wright & Miller acknowledge that the common thread in these exceptions is "the [undisputed] fact that the defendant received actual notice of the action rather promptly," and that fact "may have been the factor that made the process acceptable to the court and somewhat distinguishable from cases taking a less permissive approach." *Supra,* § 1101.

Having carefully considered the issue, this Court concludes that the prudent course of action is to apply Rule 4(h) strictly, and deem the service on the entities to be insufficient. There has been no showing, as in the cases cited by Wright & Miller as exceptions to the rule, of affirmative evidence revealing that the entities received actual notice of the action by virtue of the service on Mr. Brown's son. Were there evidence in the record that indicated such notice – *e.g.* communications from the entities acknowledging receipt of service – the Court would be more willing to deem the spirit of Rule 4(h) satisfied. But without such evidence, the Court is reluctant to expand the exception noted in Wright & Miller beyond its existing contours.

Accordingly, the Court declines to adopt that portion of the Recommendation that

6

recommends that the Court grant a default judgment against the entities. Recognizing that the somewhat unsettled legal landscape governing service in this situation, the Court deems it appropriate under Fed. R. Civ. P. 4(m) to grant the Plaintiffs additional time to attempt to accomplish service on the entities. The Court will permit the Plaintiffs an additional 60 days from the date of this order in which to effect service upon the entities themselves, consistent with the terms of Rule 4(h), or to otherwise show that the entities are resisting attempts to serve such that some form of substituted service (e.g. service upon Mr. Brown's son) should be deemed sufficient. If such service is completed, or the Court otherwise grants a request for substituted service, the Plaintiffs may renew a request for a default judgment against the entities. If the Plaintiffs elect not to re-attempt service on the entities or otherwise seek appropriate relief within the 60-day period, the claims against the entities will be dismissed for lack of timely service.

Accordingly, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Recommendation **(# 121)**. The Court adopts that portion of the Recommendation relating to Mr. Brown, and the Motion for Default Judgment **(# 111)** against Mr. Brown is **GRANTED**. A default judgment against Mr. Brown on the terms set forth in the Recommendation will enter contemporaneously with this Order.[5]

The Court also adopts that portion of the Recommendation relating to Ms. White, and the Motion for Default Judgment as against her is **DENIED**, and the claims against Ms. White

---

[5]Pursuant to Fed. R. Civ. P. 54(b), the Court finds no just reason to delay entry of a default judgment against Mr. Brown pending resolution of the remaining claims against the entities. By defaulting, Mr. Brown has conceded the facts alleged against him, and even if the claims against the entities proceed to adjudication on their merits, factual findings with regard to those claims cannot implicate the factual basis for the claims against Mr. Brown.

7

are **DISMISSED** for failure to state a claim.

The Court declines to adopt the Recommendation with regard to the entities, and as to those Defendants, the Motion for Default Judgment is **DENIED**. The Plaintiffs may attempt to re-serve the entity Defendants or otherwise seek appropriate relief within 60 days of the date of this Order, barring which the claims against the entities will be dismissed for failure to serve. As set forth in the Court's prior Order, based on the Plaintiffs' failure to amend the Complaint as against Defendants Mead and Minzer, the claims against those Defendants are **DISMISSED**, and the caption of this action is **AMENDED** to omit reference to Defendants Mead, Minzer, and White.

Dated this 29th day of March, 2010

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge